■ In the Matter of RONALL RESTAURANT, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determinations of the State Liquor Authority dated February 11, 1974, revoking petitioner's restaurant liquor license and disapproving the renewal of such license for the license year 1973/74, unanimously annulled, on the law, without costs and without disbursements, and the matter remanded for consideration by the respondent of the imposition of a six months' suspension and renewal. Max August and his brother Irving, now deceased, were the sole and equal stockholders and operators of the petitioner, a restaurant corporation, that held a liquor license in New York City. Marine equipment had been stolen from the Freeport Marina Equipment Company in Nassau County and this led to the indictment of the brothers and others, including a Freddie Johnson in that county. Irving was indicted for the felony of grand larceny, second degree, which he satisfied by a plea to the misdemeanor of attempted petit larceny. Max was indicted and pleaded to the misdemeanor of possession of stolen property, third degree. During the investigation into the marine thievery, a New York City policeman, Mahoney, went to the restaurant on three occasions and purchased from Max August a jacket life preserver, a sonar depthfinder and a bilge pump. These purchases caused Max to be arrested in New York County for criminal possession of stolen property. The charge was dismissed after trial. The respondent, after a hearing, revoked the petitioner's liquor license and disapproved its renewal. In essence, it stated two grounds, the licensee's unfitness evidenced by Max and Irving's pleas in Nassau County and the licensee's permitting "the licensed premises to be used for the storage and/or sale of stolen merchandise". In this article 78 proceeding, the petitioner does not question the first ground, only the severity of the penalty imposed. It alleges that the second finding is unwarranted by any evidence before the respondent. Even if we assume that there was substantial evidence before the respondent to warrant the second finding, a revocation of the license plus a determination not to renew it seems shockingly excessive. The licensee's restaurant business has been conducted for 29 years free of any untoward incident on its premises or misconduct by its owners there or elsewhere. Its annual sales of $75,000 of liquor against $200,000 of food fulfills the respondent's expectations of a bona fide restaurant operation. The survivor Max August is saddled, although justifiably, with heavy restitution payments arising out of his Nassau County plea. The business supports not only his family but the widow of the deceased

brother Irving. In the light of all the circumstances we conclude that the punishment imposed was excessive. Concur—Nunez, J. P., Steuer, Capozzoli, Lane and Lynch, JJ.

(Republished)